UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT, ET AL, : | |
| Plaintiffs, : | NO. 3:05CV1330(MRK) |
| : | |
| v. : | |
| : | |
| MARGARET SPELLINGS, SECRETARY : | |
| OF EDUCATION : | |
| Defendant. : | |

## RULING

Before the Court is the State's Motion for Entry of Judgment under Rule 54(b) or Section 1292(b) Certification [doc. # 88]. The Motion was made with respect to Counts I and II of the State's Second Amended Complaint [doc. # 81] that the Court dismissed in its September 27, 2006 Memorandum of Decision [doc. #87]. Following the filing of the State's Motion on October 16, 2006, the Court has held three telephonic conferences with the parties on November 29, 2006, December 19, 2006, and January 29, 2007.

The Second Circuit has instructed that where the district court has dismissed some but not all claims in an action, certifying its judgment as final under Rule 54(b) "is generally not appropriate if the same or closely related issues remain to be litigated." *Nat'l Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir.1988) (per curiam) (internal quotation marks omitted); *see also Ginett v. Computer Task Group, Inc*, 962 F.2d 1085, 1095 (2d Cir. 1992) ("Judge Friendly used the term 'inextricably intertwined' to refer to the sort of claims so interrelated that (1) we would necessarily have to reach the merits of one or more of the claims not appealed and/or (2) the district court's disposition of one or more of the remaining claims could render our opinion advisory or moot."). During the final telephonic conference on January 29, the parties agreed that the Court, in ruling on

Count IV, may potentially reach the legal questions raised by Counts I and II. For this reason, the Court concludes that the issues are inextricably intertwined at this stage of the litigation and therefore are not appropriate for Rule 54(b) designation.

For similar reasons, the Court finds that a certification under § 1292(b) would be inappropriate at this time. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, in order to grant the State's request, the Court must be satisfied that: (1) the State's appeal identifies a controlling question of law, (2) as to which there is a substantial ground for difference of opinion and that (3) immediate appeal from the order will materially advance the ultimate termination of the litigation.

"The Second Circuit has understandably urged 'district courts to exercise great care in making a § 1292(b) certification.'" *Sullivan v. Stein*, No. Civ. 303CV1203(MRK), 2005 WL 977069, at *1 (D. Conn. Aug. 19, 2005) (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir.1992)). "As a consequence, this Court's power to grant an interlocutory appeal is not to be liberally construed and 'must be strictly limited to the precise conditions stated in the law.'" *Sullivan*, 2005 WL 977069, at *1 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir.1990)).

As noted above, the parties have stated that they believe that the Court may potentially reach the legal questions raised by Counts I and II by proceeding with Count IV, even though Count IV is unique in that it alleges a violation of the Administrative Procedures Act (the "APA"), 5 U.S.C. §§ 701-706. It appears to the Court that if it were to proceed with Count IV, little if any additional

discovery would be necessary to address the claims in Counts I and II. While the Court recognizes that Count IV does not include the State's claims involving the annual testing requirement, the factual information related to the annual testing claim is distinct from the other claims in Count IV and, therefore, hearing the annual testing claim later, if at all, would not result in substantially duplicative litigation. For these reasons, the Court concludes that the State fails to meet prong three of the § 1292(b) certification requirements, namely that the Court does not believe that an immediate appeal of its September 27, 2006 Memorandum of Decision [doc. # 87] would materially advance the ultimate termination of this litigation.

For these reasons, the Court DENIES WITHOUT PREJUDICE the State's Motion for Entry of Judgment under Rule 54(b) or Section 1292(b) Certification [doc. # 88].

**IT IS SO ORDERED.**

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: February 1, 2007**.